BYRON R. MITCHELL *vs.* DANIEL T. S. LELAND.

Suffolk. December 5, 1905. — January 5, 1906.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Bankruptcy. Order. Assignment.*

If a debtor in the employ of a city gives to his creditor as security an order on the city to pay to the creditor the wages due him for a future month, and afterwards before the wages are due files a petition in bankruptcy and finally obtains a discharge, the discharge is a bar not only to an action for the debt but also to an action against him as drawer of the order, whether the city is liable to the creditor on the order or not.

CONTRACT, the first count on an assignment of wages or order for $116.67 made by the defendant, which is quoted in the opinion, alleging that the plaintiff presented the order to the city of Boston, to which it was addressed, that the city refused to pay it, and that this refusal was caused by the false, fraudulent and tortious acts of the defendant, with a second count for $116.67 for money had and received to the plaintiff's use. Writ dated November 21, 1902.

The defendant, among other defences, pleaded his discharge in bankruptcy. The case was tried before *Aiken,* C. J., without a jury. He ruled, as stated in the opinion, that the discharge in bankruptcy was a bar to the action, and found for the defendant. The plaintiff alleged exceptions.

*H. J. Edwards & R. E. Harding,* for the plaintiff.

*M. L. Jennings,* for the defendant.

SHELDON, J. The defendant, on the thirtieth day of June, 1902, owed the plaintiff the sum of $105 on a promissory note given for money lent by the plaintiff to the defendant. The defendant was employed by the city of Boston. On that day, as security

for this note, the defendant gave to the plaintiff an order dated June 30, 1902, addressed to the city treasurer of Boston, and signed by the defendant, reading as follows:

"Please pay to Mr. B. R. Mitchell, amount of salary due me for the month of August, 1902, as per ferry division pay roll, the same amounting to one hundred sixteen $^{67}/_{100}$ dollars, and oblige. Yours very respectfully."

On August 9, 1902, the defendant filed a petition in bankruptcy in the District Court of the United States, was adjudicated a bankrupt, and, after the bringing of this action, received his discharge in bankruptcy. The defendant named the plaintiff in his schedule of creditors, and described the debt due him as $105 for money borrowed. The plaintiff never appeared in the bankruptcy proceedings, but he had notice of them and might have appeared if he had so desired. The plaintiff filed the order in question with the city treasurer of Boston about the twentieth of August, 1902, before the defendant's August pay day, and the city treasurer still retains it. The exceptions do not show that the defendant ever received the amount of this order, or his pay for August, 1902; but it appears that the city of Boston was summoned in this action as trustee of the defendant, and the plaintiff's brief states that the defendant afterwards dissolved the attachment by giving bond, and then drew the money from the city of Boston.

At the close of the evidence, the defendant waived all other defences and requested the judge to rule that his discharge in bankruptcy was a bar to this action, and that the plaintiff could not recover. The judge so ruled, and found for the defendant, the case being tried without a jury; and the plaintiff has excepted to this ruling.

It may be granted, as argued by the plaintiff, that this order was an absolute transfer to him of the defendant's salary for the month of August, 1902, and that although the principal obligation of $105 can no longer be enforced against the defendant, yet the plaintiff retains his security, and may enforce that for the collection of his debt. It may be accordingly that the plaintiff could compel the city of Boston to pay to him the amount of this order. But he cannot hold the defendant personally liable as the drawer of the order given before the bankruptcy proceed-

ings were begun; for that is one of the obligations which are barred by his discharge. *Moch* v. *Market Street National Bank,* 107 Fed. Rep. 897. U. S. St. 1898, c. 541, § 63. And the plaintiff does not contend, nor is there any evidence, that the non-payment of the order was caused by any false, fraudulent or tortious acts of the defendant.

Nor does the plaintiff contend that he can recover upon the second count of his declaration upon any other grounds than those already considered. It was not contended at the trial, and has not been argued, that the defendant, before the action was brought, had himself received the amount of this order from the city.

*Exceptions overruled.*